# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

CIVIL NO. 1:09CV262-3-T
(4:98CR212-T)

| | |
|---|---|
| DWIGHT A. RUDISILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed July 15, 2009.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

## I. PROCEDURAL HISTORY

On July 8, 1998, Petitioner was charged in a four-count Indictment with carjacking in violation of 18 U.S.C. § 2119; possessing and using a firearm during a crime of violence in violation 18 U.S.C § 923(c)(1); transporting stolen property in interstate commerce in violation of 18 U.S.C. § 2312; and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  **Bill of Indictment, filed July 8, 1998.**

On October 9, 1998, pursuant to a plea agreement with the Government, Petitioner pled guilty to Count One of the Indictment.  In exchange for an agreement to serve 25 years for the carjacking count, the Government agreed to dismiss the remaining three counts of the Indictment.  **Plea Agreement, filed October 2, 1998.**  On August 4, 1999, in accordance with the terms of the plea agreement, the undersigned sentenced Petitioner to 300 months imprisonment.  **Judgment, filed August 31, 1999.**  Petitioner filed a direct appeal; on May 15, 2000, the Fourth Circuit vacated Petitioner's conviction and remanded for

resentencing.[1]  *United States v. Rudisill*, 215 F.3d 1323 (table), 2000 WL 620314 (4th Cir. 2000).

Following the remand, the Government moved to set aside its obligations under the plea agreement so that it could reinstate the additional counts which were dismissed pursuant to the plea agreement and seek a new charge of carjacking resulting in serious bodily injury under 18 U.S.C. § 2119(2).  **Motion, filed May 23, 2000**.  After a hearing on the motion held July 27, 2000, the undersigned denied the Government's motion to reindict the Petitioner for carjacking resulting in serious bodily injury under 18 U.S.C. § 2119(2), finding that jeopardy had attached, and sentenced the Petitioner to 15 years in accordance with the Fourth Circuit's

---

[1] The Circuit held that the charge to which Petitioner pled guilty contained as an offense element "serious bodily injury . . . that was not charged in the indictment or enumerated by the district court when advising [Petitioner] of the charges against him." *Rudisill*, 2000 WL 620314, at *1 **(citing *Jones v. United States*, 526 U.S. 227 (1999) ("decided after Rudisill's plea colloquy but prior to his sentencing, the Supreme Court held that the subsections of 18 U.S.C.A. § 2119 establishing higher penalties set forth additional elements of the offense that must be charged in the indictment and submitted to a jury.  The count of the indictment to which Rudisill pled guilty does not reference a subsection of § 2119, nor does it state that Rudisill actually caused serious bodily injury.)).**  Therefore, because the count of the indictment to which Petitioner pled guilty failed to include that he actually caused serious bodily injury, the Circuit held that Petitioner could be sentenced to no more than 15 years allowed under 18 U.S.C. § 2119(1).

mandate. **See Memorandum and Order, filed August 2, 2000, at 2-3, 5.** The Court, however, granted the Government's motion to set aside the plea agreement, finding that the Defendant had "frustrated the purpose of the plea agreement" and permitted the Government to pursue a superseding indictment as to the three counts previously dismissed. *Id*. **at 4-5**.

On August 8, 2000, the Government pursued and obtained a Superseding Indictment charging the Petitioner with using and carrying a gun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count One); unlawfully transporting in interstate commerce a stolen vehicle in violation of 18 U.S.C. § 2312 (Count Two); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count Three). **Superseding Indictment, filed August 8, 2000.** After a two-day jury trial, Petitioner was found guilty of all counts in the Superseding Indictment. **Jury Verdict, filed January 10, 2001**. Petitioner was sentenced on October 31, 2001, to a total term of imprisonment of 465 months.[2] **Judgment in a Criminal Case, filed November 8, 2001**.

---

[2] This term of imprisonment included the 180 months imprisonment ordered by the Court for Petitioner's conviction of Count One of the original indictment. **See Judgment in a Criminal Case, filed November 8, 2001,**

Petitioner did not file a direct appeal.[3]  Therefore, Petitioner's conviction became final ten days from the date the Judgment was entered.  Petitioner signed his § 2255 motion July 13, 2009, and was filed by the Clerk on July 15, 2009.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of-
    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented form making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

**at 2.**

[3] The record contains a letter from the Fourth Circuit to Petitioner dated September 13, 2006, perhaps generated in response to an inquiry from the Petitioner, in which he was advised that a judgment had been entered in this Court on "1/8/01, however, there was no notice of appeal filed."  **See Fourth Circuit Letter, dated September 13, 2006, filed September 13, 2006.**  The Court notes that despite receiving such notice by the Fourth Circuit in 2006, Petitioner waited an additional 34 months before filing the instant petition and provides no excuse for its untimeliness.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

### III. DISCUSSION

Pursuant to the one year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act, Petitioner had one year from the date his conviction became final to file a motion to vacate pursuant to § 2255. Petitioner's conviction became final on or about the end of November 2001; therefore, he had until approximately the end of November 2002 to file his motion to vacate. Instead, Petitioner waited over seven and a half years after the judgment was entered, and six and a half years after his case became final to file his motion on July 15, 2009. Therefore, the Court concludes that the Petitioner's motion, filed on July 15, 2009, is untimely filed.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE** as untimely.

Signed: July 28, 2009

Lacy H. Thornburg
United States District Judge