**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 4:98-cr-00212-MR**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **DWIGHT ALEXANDER RUDISILL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |


**THIS MATTER** is before the Court on the Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 68].

## I.    PROCEDURAL BACKGROUND

On July 8, 1998, the Defendant was charged in a four-count Bill of Indictment with carjacking in violation of 18 U.S.C. § 2119; possessing and using a firearm during a crime of violence in violation 18 U.S.C § 924(c)(1); transporting stolen property in interstate commerce in violation of 18 U.S.C. § 2312; and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  [Doc. 1].  On October 9, 1998, pursuant to a plea agreement with the Government, the Defendant pled guilty to Count

One of the Indictment.  In exchange for an agreement to serve 25 years for the carjacking count, the Government agreed to dismiss the remaining three counts of the Indictment.  [Doc. 14].  On August 4, 1999, in accordance with the terms of the plea agreement, the Court sentenced the Defendant to 300 months' imprisonment.  [Doc. 21].

The Defendant filed a direct appeal.  On May 15, 2000, the Fourth Circuit vacated the Defendant's conviction and remanded for resentencing on the grounds that the charge to which the Defendant pled guilty contained an element of "serious bodily injury" which was not charged in the Indictment or enumerated by the Court when advising the Defendant of the charges against him.  Accordingly, the Court concluded that the Defendant could not be sentenced to more than fifteen years under 18 U.S.C. § 2119(1).  United States v. Rudisill,No. 99-4588, 2000 WL 620314, at *1 (4th Cir. May 15, 2000).

Following the remand, the Government moved to set aside its obligations under the plea agreement so that it could reinstate the additional counts which were dismissed pursuant to the plea agreement and seek a new charge of carjacking resulting in serious bodily injury under 18 U.S.C. § 2119(2).  [Doc. 26].  The Court denied the Government's motion, finding that jeopardy had attached and sentenced the Defendant to

fifteen years of imprisonment in accordance with the Fourth Circuit's mandate. [Doc. 34]. The Court, however, granted the Government's motion to set aside the plea agreement, finding that the Defendant had "frustrated the purpose of the plea agreement" and permitted the Government to pursue a superseding indictment as to the three counts previously dismissed. [Id. at 4-5].

On August 8, 2000, the Government pursued and obtained a Superseding Indictment charging the Defendant with using and carrying a gun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count One); unlawfully transporting in interstate commerce a stolen vehicle in violation of 18 U.S.C. § 2312 (Count Two); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count Three). [Doc. 35].

After a two-day jury trial, the Defendant was found guilty of all counts in the Superseding Indictment. [Doc. 55]. The Defendant was sentenced on October 31, 2001, to a total term of imprisonment of 465 months.[1] [Doc. 63]. The Defendant did not file a direct appeal.

---

[1] This term of imprisonment imposed by this Judgment was ordered to run consecutively to the 180 months' imprisonment ordered by the Court for Count One of the original Indictment. [See id. at 2].

In July 2009, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 60], which was dismissed as untimely [Doc. 61]. The Defendant appealed this dismissal, but his appeal was dismissed. [Doc. 64]. In October 2010, the Defendant filed a second motion to vacate [Doc. 65], as well as a motion to set aside his guilty plea [Doc. 67]. These motions too were denied and dismissed. [Doc. 68].

The Defendant now brings the present motion, seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). In his motion, he challenges various aspects of his sentence and contends that he received ineffective assistance of counsel. He further contends that he is entitled to relief based on the subsequent lowering of the Guidelines applicable to 18 U.S.C. § 2119 convictions.

## II.  ANALYSIS

A sentence may be reduced under § 3582(c)(2) only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as a result of a retroactive amendment. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). Thus, to the extent that the Defendant alleges the ineffective assistance of counsel or otherwise asserts claims

4

arising from defects in his sentencing, such claims are not cognizable under § 3582(c)(2).

With respect to the Defendant's claim that he is entitled to relief because he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Defendant's motion also fails. The Defendant does not cite any specific subsequent retroactive amendment to the Guidelines that would apply to him and the Court is not aware of any such amendment.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 68] is **DENIED.**

**IT IS SO ORDERED.** Signed: May 15, 2014

Martin Reidinger
United States District Judge